CARA L. FINAN, CASB No. 173887
cara.finan@kyl.com
WILL P. RIFFELMACHER, CASB No. 273848
will.riffelmacher@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California  94133
Telephone:    (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIMAN RAHBARIAN, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE; and DOES 1 through 20, inclusive,<br><br>      Defendants. | Case No. 2:14-cv-01488-JAM-KJN<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Date: September 17, 2014<br>Time: 9:30 a.m.<br>Courtroom: 6, 14th Floor<br>Judge John A. Mendez |

## I. INTRODUCTION

  Plaintiff's Complaint is premised on factually unsupported and legally baseless claims that Defendant JPMORGAN CHASE BANK, N.A. (erroneously sued as "JP MORGAN CHASE") ("Chase" or "Defendant") did not have authority to initiate foreclosure proceedings on the property at issue.  Because Plaintiff has not and cannot plead or establish the requisite elements of his claims, Chase respectfully submits that this Court should dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II. FACTUAL BACKGROUND

  For this Motion to Dismiss only, Defendant accepts as true the following allegations in the

- 1 -  KYL_SF644470

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) – Case No. 2:14-cv-01488-JAM-KJN

Complaint and further directs the Court to the judicially noticeable facts set forth in the Request for Judicial Notice ("RJN"), being filed concurrently herewith:

- This dispute surrounds real property located at 4325 Cavitt Stallman Road, Granite Bay, California (Subject Property"). (Complaint ¶ 4.)

- On August 9, 2007, a Deed of Trust ("DOT") securing a $1,000,000 loan ("Note") and encumbering the Subject Property was recorded with the Placer County Recorder as Document No. 2007-0080884-00. Under the DOT, Fakhri R. Attar was the borrower, Washington Mutual Bank ("WaMu") was the lender and beneficiary and California Reconveyance Company was the trustee. (RJN, Exh. 1).

- On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") and Chase entered in to a Purchase and Assumption Agreement ("P&A Agreement") through which Chase purchased certain of WaMu's assets, including the Note, from the FDIC. The P&A Agreement is stored and available for retrieval at http://www.fdic.gov/about/freedom/Washington_Mutual_p_and_A.pdf. (RJN Exh. 2).

- On March 12, 2013, an Assignment of Deed of Trust ("Assignment") was recorded with the Placer County Recorder as Document No. 2013-0023806-00. Through the Assignment, JPMorgan Chase Bank, National Association, as Attorney in Fact for the FDIC as Receiver of WaMu transferred its beneficial interest in the DOT to Chase. (RJN Exh. 3).

- On May 17, 2013, a Notice of Default ("NOD") was recorded with the Placer County Recorder as Document No. 2013-0048488-00. The NOD confirmed that the loan was $212,957.57 in arrears as of May 15, 2013. (RJN Exh. 4).

- On August 23, 2013, a Notice of Trustee's Sale ("First NOTS") was recorded with the Placer County Recorder as Document No. 2013-0083606-00.[1]  The First NOTS reflected that the total amount of unpaid balance and other charges under the Note was estimated at $1,091,172.09 as of that

---

[1] Defendant notes that there appear to be earlier recorded notices of trustee's sale not applicable to this Opposition. For the sake of simplicity, Defendant refers to RJN Exhs. 5 and 7 as the "first" and "second" notices of trustee's sale.

1  day.  (RJN Exh. 5).

2  • On January 23, 2014, a Substitution of Trustee ("Substitution") was recorded with the
3  Placer County Recorder as Document No. 2014-0004737-00.  The Substitution reflected that Chase
4  substituted ALAW as trustee of the Deed of Trust. (RJN Exh. 6)

5  • On February 26, 2014, a Notice of Trustee's Sale ("Second NOTS") was recorded with
6  the Placer County Recorder as Document No. 2014-0012162.  The Second NOTS reflected that the
7  total amount of unpaid principal balance and other charges under the Note was estimated at
8  $1,100,351.07 as of that day.  (RJN Exh. 7).

9  • On or about May 19, 2014, Plaintiff filed an *ex parte* Application for Temporary
10 Restraining Order and Order to Show Cause Regarding Preliminary Injunction ("Application") in
11 Superior Court of the State of California, Placer County.  (RJN Exh. 8).

12 • Plaintiff's Application included a declaration by Plaintiff which stated that he had been
13 assigned "designated point of contact" at Chase. (RJN Exh. 9).

14 • On or about June 9, 2014, the Superior Court of the State of California, Placer County,
15 issued a Tentative Ruling reflecting denial of Plaintiff's Application[2].  (RJN Exh. 10).

16 • On or about June 12, 2014, Plaintiff filed a "Notice of Pendency of Action" pursuant to
17 California Code of Civil Procedure Section 405.20. (RJN Exh. 11).

18 In his Complaint, Plaintiff attempts to state claims for violation of the "Homeowner's Bill of
19 Rights," wrongful foreclosure, and unfair business practices under California Business & Professions
20 Code Section 17200 *et seq*.

21 **III.   LEGAL ARGUMENT**

22     **A.   Legal Standard**

23 Under Federal Rule of Civil Procedure, Rule 12(b)(6), a defendant may move to dismiss for
24 failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a
25 claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

---

[2] Chase is awaiting the Superior Court's signed Order denying Plaintiff's Application.

1  claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable
2  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,
3  677-78 (2009).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by
4  mere conclusory statements, do not suffice." *Id*. (quoting *Bell Atl. Corp.*, 550 U.S. at 555).
5  Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine
6  whether they plausibly give rise to an entitlement to relief." *Id*.  This determination is context
7  specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level
8  on the assumption that all of the complaint's allegations are true." *Id*.
9        As set forth herein, Plaintiff's claims are based on factually and legally baseless contentions
10 and fail as a matter of law.  Accordingly, this Court should grant the Motion to Dismiss in its entirety,
11 without leave to amend.

        **B.** **Plaintiff's Claims Under The California Civil Code Fail**

                **1.** **Plaintiff's Allegations Under Section 2924 Fail**

14        Plaintiff's allegations under Section 2924 are fatally flawed.  Plaintiff alleges that Defendant
15 violated Cal. Civ. Code § 2924.17 by having Colleen Irby, a "CRC employee" purportedly "robosign"
16 the Corporate Assignment of the Deed of Trust. (Compl. ¶ 34.) However, Plaintiff provides no
17 authority in support of his position that an employee of one entity cannot sign a document as a duly
18 authorized signatory of a second entity.
19        Indeed, courts have consistently found such allegations insufficient to support claims for
20 foreclosure fraud.  *See, e.g., Chua v. IB Prop. Holdings, LLC*, 2011 U.S. Dist. LEXIS 84683, at *2
21 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take issue with Lisa Markham's dual
22 position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from
23 working for both [a mortgage banking company] and MERS or from acting as an agent for both.");
24 *Couch v. JPMorgan Chase Bank, N.A*, 2012 U.S. Dist. LEXIS 188749, at *5 (C.D. Cal. May 14,
25 2012) ("[t]he mere fact that . . . [the signatory] was not an employee of [a particular company] does
26 not give rise to a reasonable inference that [she] did not have the authority to sign documents on
27 behalf of [that] compan[y]."); *Barocio v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 128617, at *3

1  (N.D. Cal. Sept. 10, 2012) ("Perhaps more fundamentally, the mere possibility that T. Sevillano
2  worked for ReconTrust does not demonstrate or create a reasonable inference that she was not
3  authorized to sign the Substitution or Assignment on behalf of AMEC."); *Gill v. Wells Fargo Bank,
4  N.A.*, 2011 U.S. Dist. LEXIS 73729, at *18 (E.D. Cal. July 5, 2011) ("Although Allen was employed
5  by Lender Processing Services ('LPS'), not Bank of New York Mellon, there is no evidence that Allen
6  was acting as something other than an agent for Bank of New York Mellon.").

7  Further, Plaintiff's allegations concerning robo-signing are entirely conclusory and lack factual
8  support. Courts regularly disregard identical conclusory and baseless allegations. *See, e.g.,*
9  *Sabherwal v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 2930, at *22-23 (S.D. Cal. Jan. 8, 2013)
10 ("Plaintiffs allege that T. Sevillano is not and was never appointed Assistant Secretary of MERS but
11 rather is 'an individual who simply signs thousands of property record documents without any legal or
12 corporate authority.' […] Plaintiffs' allegations […] are conclusory and lack necessary supporting
13 factual allegations."); *Baldoza v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 34323, at *37 (N.D. Cal.
14 Mar. 12, 2013) ("District courts have consistently refused to find that a plaintiff can state a claim on
15 the basis of a conclusory allegation of robo-signing, absent some factual support.")

16 In addition, claims based on fraud allegations cannot rest on bare epithets and aspersions, such
17 as that Ms. Irby is a "robo-signer." (Compl. ¶ 34.) *See, e.g., Ruiz v. SunTrust Mortg., Inc.,* 2012 U.S.
18 Dist. LEXIS 103239, at *8 (E.D. Cal. July 24, 2012) ("The [Complaint] lacks legally cognizable
19 claims based on 'robo-signing.'"); *Nastrom v. New Century Mortgage Corp.*, 2012 U.S. Dist. LEXIS
20 79929, at *6 (E.D. Cal. June 8, 2012) ("Courts have held that when a plaintiff includes vague
21 allegations of 'robo signing' and fails to allege facts setting forth the basis on which the plaintiff is
22 informed and believes such allegations are true, their underlying cause of action fails."); *Lee v. Mortg.*
23 *Elec. Registration Sys., Inc.*, 2012 U.S. Dist. LEXIS 89107, at *5 (D. Haw. June 27, 2012) ("The
24 [Complaint] fails to assert any facts corroborating the legal conclusion that these individuals lacked
25 authority to sign these documents on behalf of MERS, or any facts explaining how any 'robosigning'
26 caused Plaintiff any harm or damages.")

27 Finally, even if Plaintiff's "robo-signing" allegations were not fatally defective on their face—
28

*and they manifestly are* — Plaintiff utterly fails to plead how he was harmed by such purported activity. Plaintiff offers no factual allegations (or legal theory) indicating how the alleged robo-signing of documents which assigned the subject loans harmed him. *See, e.g. Nastrom*, 2012 U.S. Dist. LEXIS 79929, at *6. Accordingly, Plaintiff's claims based upon conclusory allegations of "robo-signing" must fail.

### 2. Plaintiff's Allegations Under Section 2923.7 Fail

Plaintiff's allegation that Defendant failed to provide a single point of contact pursuant to Cal. Civ. Code § 2923.7 lacks factual support and is contradicted by Plaintiff's admission that he was assigned a "designated point of contact" at Chase. (RJN, Exh. 9) Furthermore, Exhibit 4 attached to Plaintiff's Application states the name of Plaintiff's designated "Customer Assistance Specialist." (RJN Exh. 8) Plaintiff's contradictory claims regarding whether Chase provided a single point of contact must fail.

### 3. Plaintiff's Allegations under Section 2923.55 Fail.

Plaintiff's allegations under § 2923.55 likewise are flawed and must fail. Plaintiff alleges that Chase failed to provide notice to Plaintiff that he could request certain information from Chase thereby violating § 2923.55. However, § 2923.55 only applies to mortgages or deeds of trust as described in § 2924.15. Cal. Civ. Code § 2923.55(h). In relevant part, § 2924.15 defines "owner-occupied" property as property that is "the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." Cal. Civ. Code § 2924.15(a). In this case, the Notice of Default at issue is accompanied by a declaration of compliance which demonstrates that Chase did in fact comply with the requirements of § 2923.55. (RJN Exh. 4.) Courts have held that allegations of non-compliance fail in the presence of such a declaration. *See, e.g. Maguca v. Aurora Loan Servcs.*, 2009 U.S. Dist. LEXIS 104251, *5 (C.D. Cal. Oct. 28, 2009) (dismissing with prejudice plaintiff's claim under 2923.5 because "the allegations in the [complaint], which the Court notes are conclusory, are contradicted by the notice of default"). Claims similar to Plaintiff's fail where, as here, a defendant includes a declaration of compliance with the statute when recording the notice of default. *See, e.g. Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist. LEXIS 97672 at *49 (E.D. Cal.

1  Aug. 31, 2011).

2      In light of the judicially noticeable declaration demonstrating compliance with Cal. Civ. Code
3  § 2923.55, Plaintiff's contrary, conclusory allegation should be rejected. *Blatty v. New York Times
4  Co.*, 42 Cal. 3d 1033, 1040-41 (1986) ("Indeed, when the allegations of the complaint contradict or are
5  inconsistent with [judicially noticed] facts, we accept the latter and reject the former."). Plaintiff
6  therefore cannot state a cognizable claim for violation of § 2923.55.

    **C.**    **Plaintiff's Wrongful Foreclosure Claim Fails**

        **1.**    **Plaintiff Cannot State a Claim for Wrongful Foreclosure Because No Foreclosure Sale Has Occurred**

    It is well established in California that a foreclosure sale is prerequisite for a claim of wrongful foreclosure. *See Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) ("[A] purported wrongful foreclosure claim is premature given there has been no foreclosure of the property."); *Pugh v. JPMorgan Chase Bank, N.A.*, 2013 U.S. Dist LEXIS 151873, *8-9 (E.D. Cal. Oct. 22, 2013) (dismissing wrongful foreclosure claim because no foreclosure sale had occurred despite the fact that four Notices of Trustee Sale had been recorded); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (dismissing wrongful foreclosure claim where there had been no foreclosure sale of the property); *Manzano v. MetLife Bank N.A.*, 2011 U.S. Dist. LEXIS 56316, *20 (E.D. Cal. May 24, 2011) ("Because plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."); *Martin v. Litton Loan Servicing LP*, 2013 U.S. Dist. LEXIS 6848 (E.D. Cal. Jan. 16, 2013). Plaintiff has not, and cannot, allege that a foreclosure sale has occurred, and has therefore failed to allege a cognizable claim.

    Furthermore, Plaintiff's claim for wrongful foreclosure fails because he does not allege a willingness or ability to tender any outstanding debt. Pursuant to California Civil Code sections 2924 et seq., a lender is simply required to record a notice of default three months prior to any trustee's sale. In turn, without an allegation of tender of the underlying debt, claims for quiet title, violation of section 2932.5 and wrongful foreclosure will not lie. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (plaintiff challenging foreclosure sale must allege tender under "any cause of action for irregularity in the sale procedure"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974)

(trustor is unable to quiet title "without discharging his debt . . . [t]he cloud upon his title persists until the debt is paid"); *Fleming v. Kagan*, 189 Cal. App. 791 (1961) (holding the tender rule applies even in cases where the plaintiff was induced to enter into the agreement by fraudulent representations made by the defendant); *Lipscomb v. Mortg. Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 85503, at *22 (E.D. Cal. Aug. 2, 2011). "The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003). A "mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Having failed to allege tender, Plaintiff's claim fails and should be dismissed.

### 2. Chase is Entitled to Enforce the Deed of Trust

Even if Plaintiff's wrongful foreclosure claim were not barred because no foreclosure has occurred – which it is – Plaintiff's claim also fails because contrary to Plaintiff's claims, Chase is entitled to enforce the DOT. Plaintiff asserts that Chase cannot show proper assignment, transfer, and receipt of the note for the Note and DOT and he therefore infers that Chase's security interest is therefore invalid. (Compl. ¶¶ 14-18; 21-26; 31; 37-40; 44). This unsupported contention is directly contradicted by the P&A Agreement and the relevant case law. (RJN Exh. 2).

Plaintiff's argument that Chase must prove ownership of the Note in order to foreclose was addressed and rejected by the California Court of Appeal in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2001). In *Gomes*, the court noted that Civil Code Section 2924(a)(1), which that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process, notably **does not** require that there be a judicial action to determine whether the person initiating the foreclosure process is in fact authorized to do so. *Id*. at 1155-56. Further, the California Court of Appeal held that requiring the "recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id*. In so holding, the California Court of Appeal sought to preclude lawsuits like this one.

California's nonjudicial foreclosure scheme provides a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).  Under this framework, Chase is not required to demonstrate ownership of the Note in order to foreclose on Plaintiff's property.  *Edwards v. Aurora Loan Servs., LLC*, 2011 U.S. Dist. Lexis 46892 (E.D. Cal. Apr. 29, 2011) (holding that Civil Code § 2924 does not require a "judicial determination" of ownership as a prerequisite to invoking nonjudicial foreclosure procedures); *Hague v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 84695 *8 (N.D. Cal. Aug. 2, 2011) (holding that the foreclosing party "need not demonstrate that it has 'full and unencumbered legal title' in order to foreclose on the [borrower's] property").

Plaintiff also erroneously concludes that Defendant has no right to foreclose under the Deed of Trust based on the alleged securitization of the Subject Loan.  (Compl. ¶ 38).  This argument fails as a matter of law.  A beneficiary's right to foreclose and legal interest in a loan are unaffected by securitization of the underlying loan.  *See Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 86248, at *13 (C.D. Cal. July 22, 2011) (rejecting argument that securitization of loan affected right to foreclose); *Lane v. Vitek Real Estate Indus. Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) ("[t]he argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts.").  Therefore, WaMu's alleged securitization of the Subject Loan could not have affected WaMu's or its successors' rights under the Note or DOT.

To the extent Plaintiff's claims are based on the assertion that Defendant must, yet cannot, demonstrate ownership of the Note and DOT, Plaintiff's claims fail and should be dismissed.

**D.** **Plaintiff's Claim For Violation of Cal. Bus. & Prof. Code. § 17200 Et Seq. Fails**

Plaintiff asserts a cause of action against Defendant pursuant to California Business and Professions Code section 17200 *et seq*.  (Compl. ¶¶ 41-48).  *See* Cal. Bus. & Prof. Code § 17200 *et seq*.  Plaintiff alleges that Chase "failed to ensure it has a beneficial interest in the Subject Property prior to initiating foreclosure proceedings." (Compl. ¶ 44(a)).  For the reasons that follow, Plaintiff's Section 17200 claim fails.

- 9 -   KYL_SF644470
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) – Case No. 2:14-cv-01488-JAM-KJN

### 1. Plaintiff Lacks Standing To Assert A Section 17200 Claim

Prior to its amendment in 2004, Section 17200 and related provisions permitted any person acting for the general public to sue for relief from unfair competition and did not predicate standing on a showing of injury or damage. *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006). As amended by Proposition 64, section 17204 limits standing in a section 17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of . . . unfair competition." *Id.* In this case, Plaintiff fails to allege facts as to the money or property Plaintiff allegedly lost as a result of any purported violation of Section 17200. To date, there has been no foreclosure sale of the Subject Property. Plaintiff's vague allegations are insufficient to confer standing, as there is no indication that Defendant caused Plaintiff any direct monetary loss, or purportedly caused him to make late payments or to incur legal fees.

### 2. Plaintiff Fails To Show A Violation Of A Predicate Statute

It is well settled that Section 17200 claims must rest on the violation of some independent substantive statute, regulation or case law. *See Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) (noting an action under 17200 must borrow a violation of another law). Here, Plaintiff alleges generally that Chase violated the "HOBR." (Compl. ¶ 43(a)). However, Plaintiff does not describe with reasonable particularity any facts supporting such violations. (Compl. ¶¶ 41-48.) Plaintiff's mere conclusory reference that Chase "failed to ensure it has a beneficial interest" in the Subject Property fails to state a cognizable claim under Section 17200. Plaintiff's section 17200 claims fail as a matter of law.

### 3. Plaintiff Cannot Show That Any Alleged Wrongdoing Caused Him Harm

Plaintiff further fails to allege facts evidencing that he sustained damages as a result of Defendant's purported wrongdoings. To state a claim for "unfair" business practices under Section 17200, Plaintiff must show that: "(1) the injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided." *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1254–1255 (2009). Here, Plaintiff has failed to demonstrate any injury or harm to

consumers or competition. Further, Plaintiff cannot show that Defendant engaged in fundamentally "unfair" conduct for which the risk to Plaintiff outweighed the utility of Defendant's actions. The Motion to Dismiss to this cause of action should be sustained without leave to amend.

### E. The Recorded *Lis Pendens* Should Be Expunged Because The Complaint Does Not Establish A Probable Validity Of A Real Property Claim

On June 12, 2014, Plaintiff filed a "Notice of Pendency of Action" pursuant to California Code of Civil Procedure Section 405.20. (RJN Exh. 11). Federal courts look to state law on matters pertaining to *lis pendens*. *See* 28 U.S.C. § 1964; *Victa v. Wash. Mut. Bank, FA*, 2012 U.S. Dist. LEXIS 148868, at *2 (N.D. Cal. Oct. 15, 2012). "At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. "The court ***must*** grant a motion to expunge if it determines either (1) that the pleading on which the notice is based does not contain a real property claim, or (2) that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." *Victa*, 2012 U.S. Dist. LEXIS 148868, at *2-3 (emphasis added).

The party claiming a right to maintain the *lis pendens* has the burden of establishing the existence of a real property claim by a preponderance of the evidence. Cal. Civ. Proc. Code § 405.31. Hence, at this stage of the litigation, expungement under section 405.31 raises strictly an issue of the sufficiency of the pleading and is similar in many respects to a motion to dismiss. Thus, expungement should be granted when a court finds that the allegations in a plaintiff's complaint fail to state a claim upon which relief can be granted. *See Mendiola v. MTC Fin., Inc.*, 2009 U.S. Dist. LEXIS 45204, at *9 (S.D. Cal. May 29, 2009) (ordering *lis pendens* expunged upon granting of defendant's motion to dismiss with leave to amend); (*Smith v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 92687, at *19 (E.D. Cal. Sept. 3, 2010) (granting motion to expunge *lis pendens* upon the granting of defendant's motion to dismiss); *Junod v. Dream House Mortg. Co.*, 2012 U.S. Dist. LEXIS 3865, at *22 (C.D. Cal. Jan. 5, 2012) (same).

Here, Plaintiff's Complaint fails to state a real property claim sufficient to support the recording of a *lis pendens*. Rather, Plaintiff is using the *lis pendens* as a tactic in an attempt to

1 forestall the non-judicial foreclosure process.  California courts have repeatedly disapproved of the use
2 of *lis pendens* for this purpose.  *See, e.g., BGI Assocs., LLC v. Super. Ct.*, 75 Cal. App. 4th 952, 967
3 (1999); *Ziello v. Super. Ct.*, 36 Cal. App. 4th 321, 332 (1995); *Urez Corp. v. Super. Ct.*, 190 Cal. App.
4 3d 1141, 1145 (1987).  Accordingly, if this Court grants Defendant's Motion to Dismiss,
5 expungement of Plaintiff's recorded *lis pendens* is also appropriate.

**IV.    CONCLUSION**

For the reasons set forth above, Chase respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Judgment be entered in its favor and against Plaintiff.

DATED:  June 30, 2014                    /s/ Will P. Riffelmacher_____
                                         CARA L. FINAN
                                         WILL P. RIFFELMACHER
                                         KEESAL, YOUNG & LOGAN
                                         Attorneys for Defendant
                                         JPMORGAN CHASE BANK, N.A.