UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIMAN RAHBARIAN, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE; and DOES 1 through 20, inclusive,<br><br>        Defendants. | No.  2:14-cv-01488 JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant JPMorgan Chase Bank's ("Defendant") motion to dismiss Plaintiff Paiman Rahbarian's ("Plaintiff") first amended complaint ("FAC") that alleges chain-of-title defects and procedural irregularities in Defendant's servicing of his mortgage.  For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 11, 2015.

1

1      I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2      Attar Fakhri, Plaintiff's mother, took out a mortgage on her home in 2007. FAC ¶ 35. The Deed of Trust named California Reconveyance ("CRC") as trustee and Washington Mutual as lender and beneficiary. Id. Plaintiff alleges, "on information and belief," that Washington Mutual transferred the mortgage to "WaMu Mortgage Pass-Through Certificate Series 2007-OA4." FAC ¶ 36. This entity then "filed a Form 10-K with the SEC and was dissolved." FAC ¶ 37. Dissolution caused "the assets," including Plaintiff's mother's mortgage, to be distributed to the certificate holders. Id. Washington Mutual then itself dissolved, conveying its assets to Defendant. FAC ¶ 38. Plaintiff alleges that his mother's mortgage was not among these assets now owned by Defendant, because it was previously transferred to the certificate holders. FAC ¶ 45.

Following his mother's death in 2011, Plaintiff took possession of the mortgaged home. FAC ¶¶ 40-41. Plaintiff soon defaulted on the mortgage, and CRC issued a Notice of Default and Election to sell, dated March 12, 2013. FAC ¶¶ 41, 46. On that same day, CRC recorded a "Corporate Assignment of Deed of Trust," signed by Colleen Irby as Vice President of JPMorgan Chase. FAC ¶¶ 42-43. Plaintiff alleges that Colleen Irby "is, in fact, a 'robo-signer.'" FAC ¶ 43.

Plaintiff alleges that he then contacted Defendant to request a short sale, but Defendant rejected the request because Plaintiff "d[id] not qualify for loss mitigation." FAC ¶ 51. Nonetheless, the trustee sale has been "postponed indefinitely." FAC ¶ 53.

2

1    The Court previously granted in part and denied in part
2  (Doc. #17) Defendant's motion to dismiss Plaintiff's original
3  complaint.  Plaintiff then filed this FAC (Doc. #19) on December
4  10, 2014 — ten days after the deadline set by the Court's order.
5  The FAC contains one cause of action brought under California's
6  Homeowner Bill of Rights ("HBOR").  Plaintiff alleges that
7  Defendant violated HBOR by failing to "provide notice to
8  Plaintiff that he could request certain information from
9  Defendant," having Colleen Irby "robo-sign" the "Corporate
10 Assignment of Deed of Trust," and "fail[ing] to engage in the
11 appropriate loss mitigation."  FAC ¶¶ 57-59 (citing Cal. Civ.
12 Code §§ 2923.55, 2924.17 & 2923.55(b)(1)(iii)).  Defendant now
13 moves to dismiss the "robo-signing" allegations of the FAC (Doc.
14 #20).  Plaintiff opposes the motion (Doc. #21).

16                         II.   OPINION
17      A.   Discussion
18           1.   Late Filing of FAC
19      Defendant first urges the Court to dismiss the FAC under
20 Federal Rule of Civil Procedure 41(b) for failure to obey a
21 court order. Mot. at 3.  Absent a showing of prejudice, this
22 Court prefers to decide cases on the merits.  The Court finds
23 that Defendant has not suffered any significant prejudice owing
24 to Plaintiff's delay of ten days in filing the FAC.  Indeed,
25 Defendant puts forth no specific reasons that it was prejudiced.
26 Instead, Defendant states generally that it "incurred increased
27 costs in moving to dismiss the complaint, engaging in case
28 management practice, and otherwise participating in and

3

1  monitoring this litigation[.]"  Mot. at 5:27-28.  The Court
2  therefore considers the merits of the motion under Rule
3  12(b)(6).

### 2. Robosigning Allegations

Defendant argues that the FAC's robosigning allegations should be dismissed because even if robosigning occurred, it was not a "material" violation of HBOR.  Mot. at 8; Reply at 3-4; see Cal. Civ. Code § 2924.12.  Plaintiff counters that Colleen Irby's signing without verifying that Defendant had a "beneficial interest in the loan" was material because "different lenders and their servicers offer a varying set of . . . mitigation options to avoid foreclosure."  FAC ¶ 45; Opp. at 9:3-4.

California Civil Code section 2924.12 provides injunctive relief only for "material" violations of certain provisions of HBOR, including the section prohibiting robosigning: section 2924.17.  There is little case law defining the term "material" with respect to robosigning allegations.  Defendant cited Johnson v. PNC Mortgage, 2014 WL 6629585 (N.D. Cal. Nov. 21, 2014).  See Mot. at 8.  In Johnson, the plaintiffs alleged robosigning where the defendant bank had purported to assign their mortgaged property to a different bank, but that "assignment [was] void" because the defendant did not have an interest in the property at the time.  2014 WL 6629585, at *2. The court concluded that even if "the assignment [was] a sham, that would materially affect the original lender[,]" but not the plaintiffs.  Id. at *9.  "Nothing in the FAC suggest[ed] that the assignment affected the [plaintiffs'] loan obligations —

4

1  apart, perhaps, from changing the entity to whom they sen[t]
2  payments[.]" Id.  The court held therefore that the alleged
3  violation was not material and dismissed the claim.  Id.
4       Plaintiff here does not attempt to distinguish Johnson, but
5  instead argues that the violation was material in that it
6  deprived him of the opportunity to benefit from mitigation
7  options from a different loan servicer. Opp. at 9.  Whether or
8  not this loss of opportunity makes the violation "material," the
9  FAC lacks any factual basis to support an allegation that
10 Plaintiff's theoretical other servicer would have provided
11 Plaintiff with other options.  It is unclear that Plaintiff's
12 servicer would have been different if not for the robosigning.
13 Also, the FAC does not explain why this other servicer would
14 have found Plaintiff eligible for loss mitigation when Defendant
15 had determined that Plaintiff "does not qualify[.]"  See FAC
16 ¶ 51.  Because the FAC is devoid of these facts, the Court must
17 dismiss Plaintiff's 2924.17 allegations.  The Court grants leave
18 to amend to allow Plaintiff one more chance to supplement his
19 factual allegations in order to establish that the violation was
20 material.
21      Resolving the motion on this issue, the Court does not
22 reach Defendant's further arguments that the FAC's robosigning
23 allegations lack specificity.

### III.  ORDER

26      The Court DENIES Defendant's motion to dismiss under Rule
27 41(b) for failure to comply with the Court's order.  The Court
28 GRANTS WITH LEAVE TO AMEND Defendant's motion as to the FAC's

robosigning claim.  Defendant did not move to dismiss the allegations related to California Civil Code sections 2923.55 and 2923.55(b)(1)(iii), so these allegations need not be amended.

If Plaintiff chooses to amend his complaint, the second amended complaint is due within twenty (20) days from the date of this order.  Defendant's responsive pleading must be filed within twenty (20) days thereafter.  Plaintiff's failure to meet this and any future Court deadlines may result in sanctions.

IT IS SO ORDERED.

Dated: February 25, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE