UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIMAN RAHBARIAN, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE; and DOES 1 through 20, inclusive,<br><br>        Defendants. | No.  2:14-cv-01488-JAM-KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

   Plaintiff Paiman Rahbarian ("Plaintiff") alleges that Defendant JPMorgan Chase Bank ("Defendant") improperly serviced his mortgage and recorded inaccurate notices purporting to foreclose on his property.  Plaintiff has twice amended his allegations and they are now sufficient to survive Defendant's renewed motion to dismiss.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 20, 2015.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Attar Fakhri, Plaintiff's mother, took out a mortgage on her home in 2007. SAC ¶ 39. The Deed of Trust named California Reconveyance ("CRC") as trustee and Washington Mutual as lender and beneficiary. Id. Plaintiff alleges that Washington Mutual transferred the mortgage to "WaMu Mortgage Pass-Through Certificate Series 2007-OA4." SAC ¶ 40. This entity then "filed a Form 10-K with the SEC and was dissolved." SAC ¶ 41. Dissolution caused "the assets," including Plaintiff's mother's mortgage, to be distributed to the certificate holders. Id. Washington Mutual then itself dissolved, conveying its assets to Defendant. SAC ¶¶ 42-43. Plaintiff alleges that his mother's mortgage was not among these assets now owned by Defendant, because it was previously transferred to the certificate holders. SAC ¶ 48.

Following his mother's death in 2011, Plaintiff took possession of the mortgaged home. SAC ¶¶ 44-45. Plaintiff soon defaulted on the mortgage, and CRC issued a Notice of Default and Election to Sell, dated March 12, 2013. SAC ¶ 50. On that same day, CRC recorded a Corporate Assignment of Deed of Trust, signed by Colleen Irby as Vice President of JPMorgan Chase. SAC ¶ 46. Two weeks later, CRC also recorded a Notice of Trustee Sale. SAC ¶ 56. Both the Notice of Default and the Notice of Trustee Sale listed Washington Mutual as beneficiary. SAC ¶¶ 50, 56.

The Court previously granted in part and denied in part (Docs. ##17, 24) Defendant's two motions to dismiss. The current operative pleading, the second amended complaint ("SAC"), contains one cause of action brought under California's Homeowner

2

1  Bill of Rights ("HBOR").  It alleges that Defendant violated HBOR
2  in three ways: by failing to "provide notice to Plaintiff that he
3  could request certain information from Defendant," by having
4  Colleen Irby "robo-sign" the Corporate Assignment of Deed of
5  Trust without reviewing "competent and reliable evidence to
6  substantiate the borrower's default and the right to foreclose,"
7  and by "fail[ing] to engage in the appropriate loss mitigation."
8  SAC ¶¶ 61-63 (citing Cal. Civ. Code §§ 2923.55, 2924.17 &
9  2923.55(b)(1)(iii)).  Defendant now moves for the third time to
10 dismiss the "robo-signing" allegations under California Civil
11 Code section 2924.17 (Doc. #26).  Plaintiff opposes the motion
12 (Doc. #27).

14                          II.   OPINION
15     This Court's previous orders granted with leave to amend
16 Defendant's motions to dismiss Plaintiff's section 2924.17 claim.
17 The first order held that the allegations of the original
18 complaint lacked specificity, see Doc. #17, and the second order
19 concluded that the first amended complaint ("FAC") did not
20 demonstrate that any alleged robosigning was a "material"
21 violation, see Doc. #24.  Plaintiff twice amended his allegations
22 in accordance with these orders, and the Court now finds them
23 sufficient to survive a motion to dismiss.
24     Defendant argues that the robosigning allegations are still
25 "conclusory" and "lack factual support."  Mot. at 5:18-19.
26 Defendant notes that some of the allegations remain unchanged in
27 the SAC.  See Mot. at 4.  But Defendant ignores that Plaintiff
28 has added several other facts to support his section 2924.17

3

theory.  Compare Compl. ¶¶ 21, 31, 34, with SAC ¶¶ 47-50, 60-64; see Doc. #17 at 15.  Defendant also emphasizes that Plaintiff raises many of the same arguments about sufficiency of the robosigning allegations that he made in opposing the last motion to dismiss.  See Reply at 1.  Defendant's point is accurate, but Plaintiff's reiteration of these arguments is appropriate because the Court did not previously foreclose them.  Indeed, the Court did not reach these arguments in ruling on the last motion to dismiss, because the Court resolved that motion on the issue of materiality.  See Doc. #24 at 5 ("The Court grants leave to amend to allow Plaintiff one more chance to supplement his factual allegations in order to establish that the violation was material.  Resolving the motion on this issue, the Court does not reach Defendant's further arguments that the FAC's robosigning allegations lack specificity.").[2]

Section 2924.17 provides that

> a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.

Cal. Civ. Code § 2924.17(a).  The section imposes an obligation on the mortgage servicer to "ensure that it has reviewed

---

[2] In a similar vein, Defendant complains that Plaintiff has raised "arguments [that] are virtually identical to the allegations Plaintiff made in his original Complaint in support of his cause of action for wrongful foreclosure."  Reply at 3:16-18.  But Plaintiff has not attempted to reintroduce his wrongful foreclosure claim; instead he uses similar factual allegations to support his amended robosigning claim.

4

competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17(b).

Plaintiff alleges here that Defendant violated this section by recording a notice of default and notice of trustee sale without ensuring their accuracy. See SAC ¶¶ 50, 56, 62. As a result, these notices contained false information – namely, that Washington Mutual was the beneficiary. See Compl. Exhs. 4-5; SAC ¶¶ 48, 56, 60, 62. The SAC also explains at length why Washington Mutual was not the beneficiary. See SAC ¶¶ 39-49. Taking as true these factual allegations, the Court finds that Plaintiff has stated a claim under section 2924.17, because Defendant recorded notices that were not complete, accurate and supported by competent and reliable evidence. See Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 997-98 (N.D. Cal. 2014) (denying motion to dismiss section 2924.17 claim where complaint alleged that notice of default stated incorrect outstanding loan balance). Resolving that this theory sufficiently pleads a section 2924.17 violation, the Court does not reach the parties' other arguments as to alternative ways Defendant may have violated this section.

Defendant next argues that Plaintiff has still not established that any violation of the section was "material," as required by California Civil Code section 2924.12. Mot. at 6; Reply at 2-3. This same issue was raised in the last motion. There, the Court ruled in Defendant's favor, because Plaintiff's only argument at the time was unsupported by facts in the complaint, and because Plaintiff did not counter the only case

cited by either party on the materiality issue, Johnson v. PNC Mortg., 2014 WL 6629585 (N.D. Cal. Nov. 21, 2014). See Doc. #24 at 5.

Plaintiff now raises two further arguments. First, Plaintiff argues that Johnson articulates the wrong standard. Opp. at 7. Second, he highlights his amended allegation that but for Defendant's conduct, he would have been eligible for "Section 8.8 of the Making Home Affordable program." See id.; SAC ¶ 64.

As to Plaintiff's first argument, the Court notes that there is little case law defining the statute's term "material." Courts that have considered the issue take divergent approaches. Some have concluded that materiality is a factual question that should not be resolved on a motion to dismiss. See, e.g., Hestrin v. Citimortgage, Inc., 2015 U.S. Dist. LEXIS 23547, at *8 n.4 (C.D. Cal. Feb. 25, 2015); Garcia v. PNC Mortg., 2015 WL 534395, at *4-*5 (N.D. Cal. Feb. 9, 2015). Others have suggested that every violation that contravenes the purpose of HBOR is a material violation. See, e.g., Green v. Wells Fargo Bank, N.A., 2015 WL 2159460, at *3 (N.D. Cal. May 7, 2015); Hendricks v. Wells Fargo Bank, N.A., 2015 WL 1644028, at *8-*9 (C.D. Cal. Apr. 14, 2015); Rizk v. Residential Credit Sols., Inc., 2015 WL 573944, at *12 (C.D. Cal. Feb. 10, 2015). Still others have considered whether it is "plausible" that the violation caused the plaintiff to suffer damages. See, e.g., Mackensen v. Nationstar Mortg. LLC, 2015 WL 1938729, at *7 (N.D. Cal. Apr. 28, 2015) (stating that but for defendant's alleged wrongdoing, plaintiff "may have been able to keep [his] house") (citation omitted); Salazar v. U.S. Bank Nat'l Ass'n, 2015 WL 1542908, at

*7 (C.D. Cal. Apr. 6, 2015) ("[I]t is plausible that [defendant's compliance] would have prevented Plaintiff from suffering the loss of her home, ruined credit, emotional distress, and a future inability to purchase a home.").

The Court declines to choose between these competing formulations; Plaintiff's allegation that he should have been eligible for the Making Home Affordable program is sufficient under any of them.  One purpose of the statute is to "ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options."  See Cal. SB 900 § 1.  And taking as true that Plaintiff would be eligible for this loss mitigation option, the Court finds it at least plausible that Plaintiff could have avoided foreclosure.  See Mackensen, 2015 WL 1938729, at *7.  The Court therefore concludes that the SAC pleads a viable material violation of section 2924.17.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: May 13, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE